## MOSS AND ALS.

### v.

### DAVIS AND ALS.

*(Supreme Court of Appeals of Virginia, February, 1877.)*

[Virginia Law Journal, 1879, p. 106.]

Partnership—Deed of Trust by One Partner on Goods without Knowledge of Other—Case at Bar.*

In 1869, P. A. Davis and William A. Moss formed a co-partnership for the purpose of merchandising at Buckingham Courthouse, Va. On the 21st January, 1870, Davis came to Richmond and executed a deed of trust on the stock of merchandise in the store at Buckingham Courthouse, to Albert Ordway, trustee, to secure to sundry parties, not named in the deed, a negotiable note executed by Davis for the sum of $2,750, bearing even date with the deed. This deed was not admitted to record in Buckingham until January 3, 1871. Moss did not join in the note or the deed, and neither he, nor any other party, so far as the record discloses, except Davis and Ordway, knew of the existence of the deed until it was recorded in Buckingham. The firm continued to carry on the business after the execution of the deed as formerly. No inventory of the stock conveyed was annexed to the deed. No account was kept of the sales or money collected, nor does it appear that any was ever demanded by Ordway and those he claimed to represent. Between the date of the deed and its recordation, Davis purchased goods in Richmond to the amount of at least $3,000, and shortly thereafter to the amount of three or four thousand dollars. A large portion of these goods were put in the store at Buckingham Courthouse, and mingled with those contained in the deed of trust to Ordway. Ordway swears that he did not know Moss was a member of the firm. On a bill filed by Moss to set aside this deed, and for a proper administration and distri-

---

*See foot-note to Gordon v. Cannon, 18 Gratt. 387 (Va. Rep. Anno.).

bution of the social assets of the said firm, the circuit court of Buckingham held that the deed to Ordway was valid, and that the holders of the note thereby secured were entitled to priority out of the funds derived from the sale of the stock in the store of said Moss & Davis. On an appeal to the supreme court of appeals: *held* :

Same—Same—Same.

The deed from Davis to Ordway is fraudulent and void, and the creditors secured thereby must share *pro rata* with the other creditors of the firm of Davis & Moss in the distribution of the fund derived from the sale of the assets of said concern.

Same—Right of Partner to Assign Assets without Consent of Other.

*Quære.* Can one partner, without the consent of his co-partner, assign the entire assets of the firm to a trustee for the benefit of creditors ?

The facts and points decided sufficiently appear in the headnotes.

*Cumm Patteson* and *G. J. Hundley*, for the appellants.

*Guy & Gilliam*, for the appellees.

Staples, J., delivered the opinion of the court, in which the other judges concurred.

Decree reversed.